IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES E. RAY, <br>     Plaintiff, | § <br> § <br> § | |
| v. | § <br> § | CIVIL ACTION NO. 4:19-CV-3143 |
| KROGER STORE #734, <br>     Defendant. | § <br> § <br> § | |

**ORDER**

This Court has had before it the Defendant Kroger's Motion to Dismiss Plaintiff's Complaint for over a year. In fact, in April of this year it filed a renewed motion to dismiss. The basis for both of Kroger's motions is that it has not been properly served. This Court has bent over backwards in accommodating the Plaintiff, Charles E. Ray, on the issue of service primarily because he is *pro se* and unfamiliar with the legal process. Nevertheless, the Court cannot indefinitely postpone and/or refuse to grant a properly filed, meritorious motion to dismiss.

**I.**

A short chronology may prove helpful in demonstrating why this Court cannot delay any longer. The Plaintiff filed his case on August 20, 2019. In early October of last year, Kroger filed this Motion to Dismiss (Doc. No. 8) due to Plaintiff's failure to properly serve it. The Court, rather than granting the motion, gave the Plaintiff an opportunity to amend his pleadings and thereby sue and subsequently serve the correct entity. The Court gave the Plaintiff a deadline of April 6, 2020 to properly effectuate service. Plaintiff did not comply, and Kroger filed a Renewed Motion to Dismiss (Doc. No. 14).

Once again, rather than dismissing the case, the Court gave the Plaintiff a chance to fix his miscues. This time, the Court gave a deadline of June 10, 2020. The Plaintiff once again failed to

comply. Finally, in an order dated August 20, 2020, this Court not only gave the Plaintiff another chance, but went further and ordered counsel for Kroger to identify and provide to Plaintiff the name of the proper agent for service *and* provide the legal address for same. The Court set a deadline for Plaintiff to effectuate service on September 20, 2020—more than a year after the lawsuit was filed. In this last order, the Court warned that the Plaintiff would not be given another chance. Kroger complied with the order, but the Plaintiff did not.

## II.

"Federal Rule of Civil Procedure 4(b) and (c) require that a summons must be issued for each defendant and served with a copy of the complaint . . . Further, Rule 4(m) states that is a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or or that service be made within a specified time." *Morris v. Conn Credit Co.*, No. CIV.A. H-13-195, 2013 WL 3884227, at *1 (S.D. Tex. July 25, 2013). Here, over 400 days have passed since Plaintiff filed his Complaint, and he still has not properly served Kroger, despite being given numerous opportunities to correct this issue.

Plaintiff's status as a *pro se* litigant does not excuse his complete failure to effect service, as required by the rules. *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 2013) ("A litigant's *pro se* status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure.").

Plaintiff has not shown that he validly served Kroger, and therefore, his claims must be dismissed. *See* FED. R. CIV. P. 4(b) ("A summons—or copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served."); *id.* 4(c)(1) ("A summons must be served with a copy of the complaint."); *id.* 4(h)(1)(B) (requiring service upon a

corporation, partnership, or association "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.").

### III.

Kroger's Motion to Dismiss (Doc. No. 8) is denied as moot. Kroger's Renewed Motion to Dismiss (Doc. No. 14) is granted. This case is dismissed.

SIGNED at Houston, Texas this 20th day of October, 2020.

Andrew S. Hanen
United States District Judge